UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLIFFORD JAMES BOLAND,

          Plaintiff,

v.                                                 Case No. 24-cv-352-pp

DANIEL LAVOIE, *et al.*,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Clifford James Boland, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to provide him adequate medical treatment. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

1

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On March 25, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $34.79. Dkt. No. 5. The court received that fee on April 23, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Dr. Daniel LaVoie and Jamie Barker, manager of the Health Services Unit (HSU), both of whom are or were employees at Stanley. Dkt. No. 1 at 1. The plaintiff alleges that he has been diagnosed with Radiation Cystitis, which he says "caused a Papillary Erythema

3
Case 2:24-cv-00352-PP   Filed 05/13/24   Page 3 of 10   Document 10

along the bladders neck." Id. He alleges this condition causes him pain and frequent bleeding.¹ Id.

The plaintiff alleges that he saw offsite provider Dr. Josiah Nelson (not a defendant) but does not say when this occurred. Id. Dr. Nelson "recommended treatment of hyperbaric oxygen to assist in healing the Cystitis." Id. The plaintiff says that recommendation "was made to Ms. Barker who is the HSU manager at Stanley" and forwarded to Dr. LaVoie, who is Director of the Department of Corrections Bureau of Health Services. Id. The plaintiff says that a "decision to deny treatment was made in May 2023." Id.

The plaintiff alleges that he had a follow-up appointment with Nelson, who discussed other treatment options and determined "that this was the only suitable treatment for this condition and that if left untreated could lead to further damage." Id. at 2. Nelson made a second recommendation to Barker and LaVoie in August 2023, but LaVoie denied the recommended treatment in February 2024. Id. The plaintiff alleges that LaVoie "was informed that [the plaintiff] continues to be symptomatic from the Cystitis and if left untreated could lead to further damage." Id. He says that Lavoie nonetheless denied the treatment and did not provide a reason "why these treatments have been denied." Id. He says he has written to Barker and LaVoie "multiple times" about

---

¹ Radiation cystitis is defined as "Inflammation of the lining of the bladder caused by radiation therapy to the pelvis, including the bladder. Symptoms include pain and a burning feeling while urinating, blood in the urine, feeling a need to urinate often or right away, being unable to control the flow of urine, bladder spasms, and pain in the pelvis." See National Cancer Institute, https://www.cancer.gov/publications/dictionaries/cancer-terms/def/radiation-cystitis.

4

this treatment. Id. He does not say whether he received any response or, if so, what the response was.

The plaintiff asserts "that this denial of treatment has caused unnecessary pain and suffering which rises to the level of cruel and unusual punishment." Id. He seeks $50,000 in damages from each defendant and a court order directing them to provide him "the necessary treatment." Id.

C.  Analysis

The court reviews the plaintiff's allegations regarding the denial of proper medical care under the Eighth Amendment, which "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain,' including . . . grossly inadequate medical care." Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm

to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff alleges that he suffers from Radiation Cystitis, which causes him pain and frequent bleeding. He alleges that an offsite doctor recommended hyperbaric oxygen treatment, which he determined was the only suitable treatment that would avoid further damage. The plaintiff does not explain what he means by "further damage." Nonetheless, the court finds for purposes of screening that the plaintiff's condition qualifies as an objectively serious medical condition. See Anderson v. Jeanpierre, Case No. 23-1807, 2024 WL 1478029, at *1 (7th Cir. Apr. 5, 2024) (assuming that "interstitial cystitis, a chronic condition causing bladder pressure and pain," posed a serious risk to the plaintiff's health).

The plaintiff alleges that Dr. Nelson twice recommended hyperbaric oxygen treatment as the *only* suitable treatment to help the plaintiff's cystitis to heal. He alleges that Nelson twice made that recommendation to Barker, who is the manager of the HSU, and that she forwarded the recommendation to Dr. LaVoie, who is not only the plaintiff's primary care physician but also holds a top administrative position within the Department of Corrections. The plaintiff alleges that he informed LaVoie that without this treatment, the plaintiff would suffer further harm. He says LaVoie nonetheless denied the plaintiff the treatment. The plaintiff says he has written to LaVoie and Barker multiple times since. He does not say whether he received a response, but the court can infer that he has not.

6

Case 2:24-cv-00352-PP   Filed 05/13/24   Page 6 of 10   Document 10

The plaintiff's allegations demonstrate that the defendants are aware of his condition and Nelson's recommendation for treatment. LaVoie may have decided that other options would adequately treat the plaintiff's symptoms, which would show an exercise of professional judgment rather than a disregard for the plaintiff's condition. The defendants' disagreement with Nelson and their decision not to follow his recommendation, on its own, does not state an Eighth Amendment claim. See Pyles, 771 F.3d at 409 (citing Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006)) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation.").

On the other hand, the plaintiff has not explained whether he is receiving any treatment at all for his condition, which he says causes him pain and bleeding. He has not explained whether LaVoie has recommended alternate treatment for his cystitis, but his allegations that the hyperbaric oxygen treatment is the *only* option to prevent further harm suggest that LaVoie may be disregarding his condition and has refused or failed to explain to him why he will not provide this treatment. The court finds that these allegations are sufficient to satisfy the subjective component.

The plaintiff does not allege whether Barker is a medical professional. He says she is the HSU manager. The court knows from other cases that the HSU manager position is administrative in nature, and the person holding that position is not always a medical professional. Nonmedical prison officials are

entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." Arnett v. Webster, 658 F.3d 742, 755 (7th Cir. 2011) (citing Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)). Barker may be entitled to rely on LaVoie's decision not to follow Nelson's recommendation regarding the plaintiff's treatment. But the plaintiff says he has written to her about his need for this treatment, and the court infers that she has not responded. When a nonmedical official ignores an incarcerated person's complaints or has sufficient notice of "an excessive risk to [his] health or safety," she may be found deliberately indifferent for not taking action. Id. (quotation omitted). The plaintiff may face an excessive risk to his health without the recommended treatment, and the complaint sufficiently alleges that Barker has ignored his concerns. The court will allow the plaintiff to proceed on his Eighth Amendment claim against LaVoie for disregarding his need for this treatment and against Barker for not responding to his concerns or otherwise taking action to address them.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Daniel LaVoie and Jamie Barker. Under the informal service

agreement, the court **ORDERS** those defendants to respond to the complaint within sixty days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$315.21** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Stanley Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 13th day of May, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge