UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLIFFORD JAMES BOLAND,

           Plaintiff,

      v.                                                   Case No. 24-cv-0352-scd

DANIEL LAVOIE et al,

           Defendants.

---

## DECISION AND ORDER

---

Plaintiff Clifford Boland is representing himself in this 42 U.S.C. §1983 case. This matter is before the Court on Boland's motion to compel. Boland is proceeding, in part, on an Eighth Amendment claim based on allegations that Defendant Dr. Daniel LaVoie rejected a specialist's recommendation that Boland receive a particular treatment for a serious medical condition. *See* Dkt. Nos. 10, 12, 23. Specifically, Boland alleges that Dr. LaVoie denied the recommended treatment in May 2023 and again in February 2024. Dkt. No. 10 at 4.

On November 22, 2024, Boland served on Dr. LaVoie a second set of discovery requests. He asked Dr. LaVoie to "provide the search history to determine when Dr. LaVoie searched the CMS and Cochrane database to obtain the information [he] provided to answer LaVoie's Interrogatory #4." Dkt. No. 30-1 at 1. As Boland explains in his motion to compel, in response to Boland's first set of discovery requests, Dr. LaVoie produced a study that he allegedly relied on when deciding to deny the specialist's recommended treatment. But, as Boland highlights, the study produced by Dr. LaVoie was published three months *after* he first denied the treatment.

Boland's second set of discovery requests therefore sought clarification of *when* Dr. LaVoie first researched the recommended treatment.

On December 17, 2024, defense counsel objected to Boland's second set of discovery requests on the ground that the request was "overly burdensome and not proportional to the needs of the case." Dkt. No. 30-1 at 3. Defense counsel provided no explanation supporting this boilerplate objection. About a week later, Boland sent a letter to defense counsel stating that he believed the requested information was necessary for him to prove his case. He asked defense counsel to respond "as soon as possible as Discovery ends on Jan. 13. 2025 and [he] will file the motion [to compel] before this date." Dkt. No. 30-1 at 4. Defense counsel responded to Boland's letter three days later, on January 16, 2025, and confirmed that Dr. LaVoie would not respond to the discovery request. Counsel explained that Boland had not specified if he is requesting the search history from a particular search engine. Counsel also suggested that inquiries into an individual's internet search and browsing history may be intrusive. Finally, Counsel for the first time asserted that the request was not relevant to Boland's claim because he had not "ma[d]e any allegations as to the timing of Dr. LaVoie's decision." Dkt. No. 30-1 at 5.

Boland filed a motion to compel on February 4, 2025. Dkt. No. 28. Defendant responded on February 18 2025, asserting that, although the parties had exchanged "letters regarding this dispute, they had yet to confer." Dkt. No. 32. Defense counsel argues that, because Boland did not include the date and time of the parties' conference in his motion, the Court must deny his motion.

Defense counsel's argument regarding Boland's failure to confer is without merit. Boland filed a declaration in support of his motion in which he stated under penalty of perjury that he wrote a letter to Defense counsel on December 23, 2024, after receiving Dr. LaVoie's objection to

his second set of discovery requests. Counsel promptly responded to that letter and confirmed that Dr. LaVoie would not respond to the discovery request. Recognizing the limitations Boland faces because he is incarcerated, the Court finds that his effort to informally resolve this dispute before asking the Court to get involved was adequate.

Defense counsel's assertion that Boland's request is irrelevant is also without merit. In response to Boland's first discovery request inquiring what information Dr. LaVoie relied on when he decided to deny the specialist's recommended treatment, *i.e.*, the basis on which he claims to have exercised his professional judgment, Dr. LaVoie apparently produced a study that had not yet been published at the time of the denial. Obviously, Dr. LaVoie could not have based his decision on a study that did not exist (unless he participated in the study, which isn't likely). Therefore, Boland's efforts to determine *when* Dr. LaVoie researched the recommended treatment is relevant to his claim that Dr. LaVoie rejected the specialist's recommendation in the absence of professional judgment. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

That said, the Court agrees that Boland's request for Dr. LaVoie's "search history" of the "CMS and Cochrane database" is overbroad and unduly burdensome given that Boland also explains that he wants that information only to learn the "exact date that Dr. La Voie made the initial searches and any subsequent searches." Dkt. No. 30-1. With all of this in mind, the Court **GRANTS in part** Boland's motion to compel. The Court encourages the parties to again confer to better define the scope of Boland's request for information about *when* and *how* Dr. LaVoie first researched the recommended treatment. If by **March 25, 2025**, the parties are unable to reach an agreement on the scope of Boland's request, Boland may notify the Court, and the Court will schedule a telephonic status conference. The Court reminds the parties to confer in good faith with the understanding that Boland is not a lawyer a faces unique challenges because of his incarcerated

status. The Court is confident that the parties can reach an agreement without its further involvement. The dispositive motion deadline is extended to April 30, 2025.

**SO ORDERED** at Milwaukee, Wisconsin on March 7, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge