UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLIFFORD JAMES BOLAND,

    Plaintiff,

v.                                                        Case No. 24-cv-0352-scd

DANIEL LAVOIE et al,

    Defendants.

## DECISION AND ORDER

Plaintiff Clifford Boland is representing himself in this 42 U.S.C. §1983 case. Boland is proceeding, in part, on an Eighth Amendment claim based on allegations that Defendant Dr. Daniel LaVoie rejected a specialist's recommendation that Boland receive a particular treatment for a serious medical condition. *See* Dkt. Nos. 10, 12, 23. Specifically, Boland alleges that Dr. LaVoie denied a recommended treatment in May 2023 and again in February 2024. Dkt. No. 10 at 4. This matter is before the Court on Boland's request for a hearing to address a discovery dispute.

The discovery dispute at issue concerns the timing of when Dr. LaVoie searched for the medical study that he says he relied on to deny the recommended treatment. Initially, Boland believed that the study Dr. LaVoie cited was published *after* Dr. LaVoie made his decision, casting doubt on Dr. LaVoie's assertion that he had researched the recommended treatment before denying it. As such, Boland asked that Dr. LaVoie provide his search history so that it could be determined when he first searched for the study. Dr. LaVoie's counsel later clarified, however, that Dr. LaVoie did not rely on studies published after he made his decision; the study he relied on was originally published in 2005 and updated in 2012 and 2016 with a third update in 2023. While the study was

*updated* for a third time after Dr. LaVoie made his decision, the study was initially published years earlier. Dr. LaVoie's counsel also explained that, while Dr. LaVoie could not remember what search engines he used to conduct his searches, he was willing to supplement his interrogatory responses to state, under penalty of perjury, that he conducted the searches before he made his decision. *See* Dkt. No. 35-1. Boland asserts that Dr. LaVoie's offer to supplement his interrogatory responses is unsatisfactory. He wants Dr. LaVoie to offer proof of when he searched for the study. He asserts that he would be content with a "search of [Dr. LaVoie's] hard drive," which Boland believes "could determine the exact date and time of any search." Dkt. No. 34. In addition, Boland asks that Dr. LaVoie provide the version of the study that he relied on rather than the 2023 version that was published after Dr. LaVoie made his decision. Dkt. No. 38.

The Court will deny Boland's request that it order Dr. LaVoie to search his hard drive to prove when he searched for the study. Dr. LaVoie has personal knowledge of when he searched for the study, and he has offered to supplement his interrogatory responses to clarify under penalty of perjury that he conducted the search before he made his decision. The exact date and time that Dr. LaVoie searched for the study is unimportant—the salient fact is whether he conducted the search before or after he made his decision, and Dr. LaVoie is willing to state under penalty of perjury that he searched for the study *before* he made his decision.

Accordingly, requiring Dr. LaVoie to jump through additional hoops to provide the same information from a different source would be inconvenient, burdensome, and expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (noting that a court "must" limit the extent of discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Boland suspects that Dr. LaVoie may be lying about the timing of his search, but Dr. LaVoie's counsel explained to Boland that he

misunderstood the date on the study and that the study was first published in 2005, many years before Dr. LaVoie denied the recommended treatment. Boland therefore has no basis for his suspicions.

The Court will, however, grant Boland's request that it compel Dr. LaVoie to produce the version of the study that he relied on when deciding to deny the recommended treatment. According to Boland, he asked Dr. LaVoie to produce the document he relied on in making his decision. In response, Dr. LaVoie produced the 2023 version of the study, which was published after Dr. LaVoie's decision. Dr. LaVoie's counsel asserts that it is not Dr. LaVoie's responsibility to identify how the study's conclusions may have been impacted by the 2023 update. But that response misses the point. Boland requested the version of the study that Dr. LaVoie relied on to make his decision. Dr. LaVoie produced a different version than Boland requested. Dr. LaVoie has offered no explanation why he did not or could not provide the relevant version of the study. Accordingly, the Court will grant Boland's request that it compel Dr. LaVoie to produce the relevant version of the study, as he requested during discovery.

**IT IS THEREFORE ORDERED** that Boland's request for a hearing to resolve the parties' discovery dispute (Dkt. No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Boland's motion to compel Dr. LaVoie to produce the version of the medical study that he relied on when he decided to deny the recommended treatment is **GRANTED**. Dr. LaVoie is **ORDERED** to produce the relevant version of the study within **fourteen days** of this decision.

Dated at Milwaukee, Wisconsin on May 22, 2025.

STEPHEN C. DRIES
United States Magistrate Judge